# Exhibit 1

Filing # 238273999 E-Filed 12/23/2025 05:06:55 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Dennis Lopez, Jeniffer Rosado, N.A. L.R.</u>
Plaintiff                                                      Case # _____

                                                               Judge  _____

vs.

<u>BYHEART, INC, EXPECTING MODELS, INC, LIZA ELLIOTT RAMIREZ</u>
Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

## III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
 ☐ Business governance
 ☒ Business torts
 ☐ Environmental/Toxic tort
 ☐ Third party indemnification
 ☐ Construction defect
 ☐ Mass tort
 ☐ Negligent security
 ☐ Nursing home negligence
 ☐ Premises liability—commercial
 ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
 ☐ Commercial foreclosure
 ☐ Homestead residential foreclosure
 ☐ Non-homestead residential foreclosure
 ☐ Other real property actions

☐ Professional malpractice
 ☐ Malpractice—business
 ☐ Malpractice—medical
 ☐ Malpractice—other professional
☐ Other
 ☐ Antitrust/Trade regulation
 ☐ Business transactions
 ☐ Constitutional challenge—statute or ordinance
 ☐ Constitutional challenge—proposed amendment
 ☐ Corporate trusts
 ☐ Discrimination—employment or other
 ☐ Insurance claims
 ☐ Intellectual property
 ☐ Libel/Slander
 ☐ Shareholder derivative action
 ☐ Securities litigation
 ☐ Trade secrets
 ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>6</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Catherine S Aguilera</u>      Fla. Bar # <u>1058417</u>
      Attorney or party            (Bar # if attorney)

<u>Catherine S Aguilera</u>      <u>12/23/2025</u>
  (type or print name)         Date

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.      **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Dennis Lopez</u>
Plaintiff

Case # _____

Judge  _____

vs.

<u>BYHEART INC</u>
Defendant

II.      **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

III.      **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☒ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>6</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Catherine S Aguilera</u>        Fla. Bar # <u>1058417</u>
        Attorney or party                (Bar # if attorney)

<u>Catherine S Aguilera</u>          <u>12/22/2025</u>
 (type or print name)         Date

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**JENIFFER ROSADO and DENNIS
LOPEZ, individually and as parents and
legal guardians of minor N.A.L.R.**
*Plaintiffs*

          **v.**

**BYHEART, INC., EXPECTING MODELS,
INC., and LIZA ELLIOTT RAMIREZ**
*Defendants*

**Case No.**

## COMPLAINT

**COME NOW** the plaintiffs, Dennis López ("Plaintiff López") and Jeniffer Rosado ("Plaintiff Rosado") as individuals and parents of minor N.A.L.R. ("Plaintiff Minor Child," collectively "Plaintiffs"), by and through undersigned counsel, hereby file the instant complaint against ByHeart, Inc. ("Defendant ByHeart"); Liza Elliott Ramírez ("Defendant Ramírez"); and Expecting Models, Inc. ("Defendant Expecting Models," collectively, "Defendants"). In support of this complaint, Plaintiffs respectfully state, aver, and submit the following:

### I.     JURISDICTION, VENUE, AND PARTIES

1. This Court has jurisdiction because the amount in controversy exceeds $50,000, and venue is proper in this county because Plaintiffs reside here and a substantial portion of the events and injuries giving rise to this action occurred here.

2. At all material times, Plaintiffs have been and continue to be citizens and residents of Florida and are domiciled in Florida.

3. Plaintiffs López and Rosado are over the age of eighteen years and are otherwise *sui juris*.

4. Plaintiffs López and Rosado are the natural parents and legal guardians of the Plaintiff Minor Child.

5.   At all material times, Defendant ByHeart has been and continues to be a foreign corporation incorporated in Delaware, doing business in Florida.

6.  At all material times, Defendant Expecting Models has been and continues to be a foreign corporation incorporated in New York doing business in Florida.

7.  At all material times, Defendant Ramírez, has been and continues to be a citizen and resident of California and New York doing business in Florida.

8.  At all material times, Defendant Ramírez was an employee, agent, principal, or representative of Defendant Expecting Models, and acted individually and within the scope of her employment and apparent authority at all relevant times.

## II.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.  Relationship Between Plaintiffs and Defendants Expecting Models and Ramírez

9.  At all material times Defendant Ramírez was and is the Chief Executive Officer ("CEO") of Defendant Expecting Models.

10. Defendant Expecting Models markets itself nationally as "The Premiere Agency for Pregnant and Nursing Models" and uses social-media platforms to recruit and represent models across the United States, including Florida.

11. In or around June 2020, Defendant Ramírez reached out to Plaintiff Rosado while she was pregnant and offered representation.

12. On or about July 5, 2020, Plaintiff Rosado signed an onboarding contract whereby Plaintiff Rosado would be represented by Defendant Expecting Models and Defendant Ramírez.

13. On or about January 20, 2021, Plaintiff Rosado inquired about representation from Defendant Ramirez in regards to her newborn, Plaintiff Minor Child.

14. On or about March 28, 2021, Plaintiff Rosado sent Defendant Ramirez some updated digital photographs of Plaintiff Minor Child.

15. No agreement was ever signed between Plaintiffs and Defendant Expecting Models regarding its representation of Plaintiff Minor Child.

16. Plaintiffs never agreed to allow Defendants Expecting Models or Ramírez to take any actions, receive any money, or sign any contracts relating to Plaintiff Minor Child without their explicit consent.

**B.  The 2021 ByHeart Campaign**

17. On or about August 17, 2021, Plaintiff Rosado received a casting invitation via the Zoom video platform from Defendants Expecting Models and Ramírez.

18. Subsequently, Plaintiff Minor Child was booked for a Defendant ByHeart baby formula campaign, during which Plaintiffs received communications from Defendants Expecting Models and Ramírez regarding the casting invitation, work-permit requirements, travel arrangements, PCR testing, photoshoot logistics, a Coogan trust account[1], and a Wrapbook[2] setup for payment.

19. The photoshoot was scheduled for September 2, 2021, and the photography company Bold Poppy maintained communication with Plaintiff Rosado and Defendants Expecting Models and Ramírez regarding the details of said shoot.

20. The project concluded with the issuance of an invoice by Defendant Expecting Models to Bold Poppy.  Exhibit 1.

21. As stated in more detail below, Plaintiffs Rosado and López first saw this invoice years later.

---

[1] A Coogan trust account is a protected savings account for child performers, mandated by law.
[2] Wrapbook is a payroll software.

22. The invoice lists Bold Poppy as "Client," Plaintiff Minor Child as "TALENT," and "BYHeart" as "PRODUCT."  *Id.*

23. In the invoice, Defendant Expecting Models sought a $500 session fee and a $700 usage fee from Bold Poppy.  *Id.*

24. It should be noted that the invoice includes expansive legal language that, if signed by Plaintiffs, would have allowed Bold Poppy to, for instance, use the photos for "1 year web usage" and acquire their copyrights.  *Id.*

25. However, the invoice leaves all required signature sections blank.  *Id.*

26. Specifically, the "Talents Signature" (sic), the "Clients Signature" (sic), and the "Signers Name (Print)" (sic) sections are blank.  *Id.*

27. Also years later, Plaintiffs first discovered a document titled "MEDIA RELEASE" signed by Defendant Expecting Models and Ramirez on behalf of Plaintiff Minor Child.  Exhibit 2.

28. This media release is for the use of Plaintiff Minor Child's photographs for a "By Heart" project.  *Id.*

29. The media release contains broad waivers of rights allowing the usage of Plaintiff Minor Child's photos on "[a]ll digital and social media . . . without limitation, on all ByHeart owned properties" for the period of "3/26/24-3/26/25" with an option at Defendant ByHeart's sole discretion to extend the term for an additional year.  *Id.*

30. This media release is only signed by Defendants Expecting Models and Ramirez and has signature sections left completely blank for the part that reads "FOR USE BY PARENT OR GUARDIAN OF PARTICIPANT UNDER 18 YEARS OF AGE . . ."  *Id.*

31. Plaintiff Minor Child's pictures were used continuously by Defendant ByHeart since 2021 on its website; on major retail platforms, including Walmart and Target; on paid digital advertising, including Facebook, Instagram, and other social media; in in-store promotional materials and signage; and in an Aspen, Colorado event.

32. Plaintiffs never authorized Defendant ByHeart to use these images so extensively, both in scope and time, and never agreed to the sweeping legal waivers contained in Exhibits 1 and 2.

33. Defendant ByHeart's actions constitute unauthorized commercial exploitation.

34. As a result of Defendants' actions, Plaintiffs were forced to engage the services of the undersigned counsel.

**COUNT I**
**Unauthorized Publication of Name or Likeness**
**Against Defendant ByHeart**

35. Plaintiffs incorporate and re-allege paragraphs 1 to 34 as if fully pleaded herein.

36. Defendant ByHeart used Plaintiff Minor Child's name, likeness, and photographic image for trade and commercial purposes without Plaintiffs' consent.

37. Defendant ByHeart published and distributed the Minor Child's image in national advertising, retail displays, digital ads, and marketing materials.

38. Plaintiffs did not sign any release or grant written authorization required under Florida Statute, § 540.08 (2022).

39. Defendant ByHeart profited from the unauthorized use.

40. Plaintiffs suffered damages, including economic loss, nonpayment of royalties, and misappropriation of likeness.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and award damages, nonpayment of royalties, disgorgement of funds, costs, interest, attorney's fees, and any other relief deemed just and proper.

**COUNT II**
**Common Law Misappropriation of Likeness**
**Against Defendant ByHeart**

41. Plaintiffs incorporate and re-allege paragraphs 1 to 34 as if fully pleaded herein.

42. Defendant ByHeart used Plaintiff Minor Child's name, likeness, and photographic image for trade and commercial purposes without Plaintiffs' consent.

43. Defendant ByHeart published and distributed the Minor Child's image in national advertising, retail displays, digital ads, and marketing materials.

44. Plaintiffs did not sign any release or grant written authorization required under Florida Statute, § 540.08 (2022).

45. Defendant ByHeart profited from the unauthorized use.

46. Plaintiffs suffered damages, including economic loss, nonpayment of royalties, and misappropriation of likeness.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and award damages, nonpayment of royalties, disgorgement of funds, costs, interest, attorney's fees, and any other relief deemed just and proper.

**COUNT III**
**Unjust Enrichment**
**Against Defendant ByHeart**

47. Plaintiffs incorporate and re-allege paragraphs 1 to 34 as if fully pleaded herein.

48. Defendant ByHeart benefitted from the prolonged and unauthorized use of Plaintiff Minor Child's image.

49. Defendant ByHeart knew of this benefit conferred by Plaintiffs and voluntarily accepted the same.

50. Plaintiffs received little or no compensation for the commercial value of the images.

51. Retaining the benefit without compensation would be inequitable.

52. Plaintiffs suffered damages, including economic loss, nonpayment of royalties, and misappropriation of likeness.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and award damages, nonpayment of royalties, disgorgement of funds, costs, interest, and any other relief deemed just and proper.

## COUNT IV
### Breach of Fiduciary Duty
### Against Defendants Expecting Models and Ramírez

53. Plaintiffs incorporate and re-allege paragraphs 1 to 34 as if fully pleaded herein.

54. Defendants Expecting Models and Ramírez owed fiduciary duties to Plaintiffs from their role as agents.

55. As to plaintiff Rosado, Defendants Expecting Models and Ramírez owed an express fiduciary duty arising from agency relationship, including duties of loyalty, care, honesty and full disclosure.

56. As to plaintiff Minor Child N.A.L.R. and her parents, plaintiffs Rosado and Lopez, Defendants Expecting Models and Ramírez owed an implied fiduciary duty based on the circumstances of the parties' relationship, giving rise to duties of loyalty, care, honesty and full disclosure.

57. Defendants Expecting Models and Ramírez breached these duties by:

    a.   Signing releases without parental consent,

b.   Signing releases without parental authority,

c.   Failing to disclose renewal negotiations,

d.   Misrepresenting payments,

e.   Concealing contract terms, and

f.   Failing to act in the best interests of Plaintiff Minor Child.

58. Due to Defendants Expecting Models and Ramírez's actions, Plaintiffs suffered damages, including economic loss, nonpayment of royalties, and misappropriation of likeness.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and award damages, nonpayment of royalties, disgorgement of funds, costs, interest, attorneys' fees, and any other relief deemed just and proper.

### COUNT V
### Declaratory Judgment
### Against All Defendants

59. Plaintiffs incorporate and re-allege paragraphs 1 to 34 as if fully pleaded herein.

60. A present and bona fide controversy exists regarding the validity of a purported agreement included in the aforementioned invoice.  Exhibit 1.

61. This agreement contains sweeping waivers that should not be enforceable because the agreement was agreed to without Plaintiffs' consent.

**WHEREFORE,** Plaintiffs seek a judicial declaration that the agreement signed by Defendants is void ab initio and that Defendant ByHeart has no valid usage rights of Plaintiff Minor Child's pictures.

### COUNT VI
### Declaratory Judgment
### Against All Defendants

62. Plaintiffs incorporate and re-allege paragraphs 1 to 34 as if fully pleaded herein.

63. A present and bona fide controversy exists regarding the validity of the agreement titled "MEDIA RELEASE."  Exhibit 2.

64. This agreement contains sweeping waivers that should not be enforceable because the agreement was signed without Plaintiffs' consent.

**WHEREFORE,** Plaintiffs seek a judicial declaration that the agreement signed by Defendants is void ab initio and that Defendant ByHeart has no valid usage rights of Plaintiff Minor Child's pictures.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant prays the Court:

A.  Enter judgment in favor of Plaintiffs and against Defendants on all counts of the Complaint;

B.  Award Plaintiffs their costs, expenses, and attorneys' fees where available, and tax the same at the appropriate prejudgment and post judgment interest; and

C.  Grant Plaintiffs such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

**RESPECTFULLY SUBMITTED** on this 22nd day of December, 2025.

**Attorneys for Plaintiffs**

**Manuel Alejandro Law Firm, LLC**
9555 SW 175 Ter, Office #239
Palmetto Bay, FL 33157
Tel: (786) 554-3145

*s/ Manuel Alejandro Franco*
Manuel Alejandro Franco, Esq.
Florida Bar No. 126443
Manuel@AlejandroLaw.net

*s/ Catherine S. Aguilera*
Catherine S. Aguilera, Esq.

9

Florida Bar No. 1058417
Catherine@AlejandroLaw.net

**Form W-9**
(Rev. November 2017)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
## Identification Number and Certification

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

Give Form to the requester. Do not send to the IRS.

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

Jeniffer J. Rosado Vega

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

- [✓] Individual/sole proprietor or single-member LLC
- [ ] C Corporation
- [ ] S Corporation
- [ ] Partnership
- [ ] Trust/estate
- [ ] Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

  **Note:** Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

- [ ] Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

**6** City, state, and ZIP code

Requester's name and address (optional)

**7** List account number(s) here (optional)

*Print or type.*
*See Specific Instructions on page 3.*

## Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**

**or**

**Employer identification number**

## Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**   Signature of U.S. person ▶                    Date ▶ 7/5/2020

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

Exhibit 1, Page 002

EXPECTING
**MODELS**

Today's Date: 7/1/2020
Stage Name: Jenn Rosado
Legal Name: Jeniffer J. Rosado Vega
Age/DOB: 28 years / ▮▮▮▮▮
Due Date: 1/7/2021
Address (Street/City/State/Zip): ▮▮▮▮▮▮

Email: jennrosado16@gmail.com   Alt Number: _____
Cell Number: 786-543-0377
Cell Phone Provider: T. Mobile

Do you receive e-mails on your phone?   (YES)   NO

Height: 5'5          Shoe Size: 8
PRE-Pregnancy Stats: Bust/Cup 36DD   Waist 34   Hips 35
Hair Color: Brown          Eye Color: Brown
Ethnicity: Hispanic        Languages: Spanish/English
Tattoos: None
SAG/AFTRA:  (Member)   Must-Join   Eligible   Non-Member
AEA:  Member   Must-Join   Eligible   (Non-Member)
Minimum Rate: _____   Willing to Travel?  (YES)  NO
Current Passport:  (YES)  NO

Mother Agency: None          Exclusive?  YES  NO
                              Exclusive?  YES  NO
Commercial Agency: None

Do you have a child or spouse in the business?  (YES)   NO
Name/DOB/Agency: Name/DOB/Agency: Dennis Lopez ▮▮▮▮ / None
Emergency Contact (name & phone): Dennis Lopez / 305-890-1346

**Social Media Accounts:**
Instagram: @jennrosado.tv  Twitter: _____  Facebook Jenn Rosado  Snapchat_____
Linkedin: _____  Pinterest _____  Personal Website: _____

Expecting Models Inc., DBA, EM Talent will be requested to approve model releases and other documents on your behalf, in order to expedite the payment of sums owed to you. As such, this agreement, when signed by you and by Expecting Models Inc., constitutes our understanding as to the following:

1. Expecting Models Inc., DBA as EM Talent (hereinafter referred to as "Agency") shall have the limited power of attorney, revocable at will in writing at any time, to endorse Talent's name upon; (1) any and all checks, drafts, notes, and other instruments payable to Talent as a result of third party and agency assignments for modeling/acting services rendered by Talent; (2) any and all bills of sale, photographic and other releases and vouchers; (3) W-4 employee withholding allowance certificates.

2. Notwithstanding the foregoing, it is understood that the relationship between Agency and Talent is not one of partnership, fiduciary, joint venture, or employment, but rather one of contractor and independent contractor. Agency is not responsible for unemployment services or any legal claims pertaining to model services or performance for clients, production companies, Ad Agencies, casting directors, photographers and or any parties who book talent through Agency.

3. All payments must come to the agency. Payment is issued 45-90 days after the booking date. Talent agrees to compensate Agency a commission rate of twenty (20) percent of non-union on camera and print work, and ten (10) percent for union on-camera work, from the total gross earnings payable to Talent as a result of modeling/acting services rendered by Talent. It is further understood that Agency shall not be responsible to Talent for sums of money due to Talent for modeling/acting services rendered, which is not paid to Agency by third party clients. Talent check authorization and talent commission are non-negotiable. In the event that TALENT is paid directly, TALENT agrees to pay the appropriate 20% agency commission to the AGENCY within five working days.

4. Talent's contract with Agency is under exclusive agreement for the term of *Talent's pregnancy*. Talent's performance includes opportunities in the areas of (maternity) fashion print, editorial, commercial print, Runway, and on-camera commercials respectively. We do not book mainstream straight size non-maternity projects with high fashion models signed with Fashion Agencies for Modeling.

5. Talent agrees to not have any previous contractual obligation to any other party that prohibits Talent from entering into this agreement. It is further understood that Talent will not be represented by any other party for maternity, and that this contract prohibits Talent from accepting any maternity bookings from another agency or maternity clients in these areas during said period of time and in said areas of work. **This includes but not limited to all social media and online maternity modeling solicitations.**

6. Any bookings initiated by agency both during or post pregnancy must continue to be honored and negotiated by Expecting Models (EM Talent) including re-use and or any future work from client introductions made by Agency.

7. Talent agrees to not enter into any contests that offer a prize of cash or pursue any maternity, mom, baby, or child modeling opportunities on their own without prior consent from Agency. This includes but is not limited to social media outlets such as **Facebook, Instagram, Twitter, LinkedIn, Model Mayhem, and/or Craig's List**. It is understood that if Talent books a job or wins a contest of this nature and receives compensation, Agency is entitled to full commission.

8. Talent agrees to submit Agency with updated, professional-looking pregnancy digitals on a monthly basis. If talent shoots digitals with, Expecting Models, materials become the sole and exclusive property of Expecting Models, The Stork Magazine, Liza Elliott-Ramirez and its affiliates.  Agency will not release raw files for talent during pregnancy.

9. Talent agrees to only **provide agency contact information** while on castings, auditions, call backs and on all billing or releases, documents provided by client before, during or after Talent castings and bookings. If a client should contact you directly, notify the agency immediately. All current and subsequent negotiations on all Agency projects should be directed, handled and negotiated by Agency alone. This excludes any party including current mother agency, manager or legal advisor.

10. Agency will not be held responsible for bookings lost as a result of Talent's portfolio and or digitals being outdated. *It is not the responsibility of the agency to update digitals on a regular basis.* Agency will provide a DIY guideline link for talent to use for digital taking instructions.
If talent compensation is compromised by bookings lost by Talent cancellations, lateness or failure to appear, talent will not be responsible for any and all fees associated with that respective booking.

Agency will only submit talent who provide the agency with updated digitals. Failure to do so might result in the success rate for you to book maternity projects. Clients will always request updated digitals.

11. Talent has fully disclosed all previous modeling jobs of a pornographic or otherwise sexual nature, to Agency. Agency is not responsible for lost bookings or compensation as a result of Talent's previous activities of this nature. Including and not limited to inappropriate public postings on social media networks.

12. Talent understands that if their appearance is changed without notifying Agency prior to a booking (i.e. dying/cutting hair, etc.); Agency is not responsible for lost compensation. Furthermore, Talent agrees to arrive physically prepared for all castings and bookings, (i.e. clean hair, face and nails, etc.), as per the specifications made by the client and booking details on call sheets.

13. Talent agrees to indemnify and hold Expecting Models, EM Talent, The Stork Magazine, employees and affiliates harmless of but not limited to any and all claims, demands, damages, loss, liability, costs and expenses of any kind, which may arise from or relate to Talent under this agreement. Talent shall be responsible for costs and attorney fees incurred in the enforcement of this agreement arising out of any breach or failure of the warranties made herein.

14. I hereby have read this agreement and am fully familiar with its content and free to be signed and exclusively represented by Expecting Models (EM Talent) during the duration of my pregnancy. Agency will not accept contract amendments. Any non-compliance of this agreement shall be treated as a breach of contract.

I, _Jeniffer Rosado_ , agree to inform or book out with all other agencies for maternity from _9/1/2020_ (today) to _1/1/2020_ (model due date).

I, _Jeniffer Rosado Vega_ do hereby agree to pay the website posting fee of **Two Hundred Fifty Dollars ($250)** to Expecting Models, Inc. for web services which aid in high end promotions for countless maternity clients. This posting fee covers the cost of building and maintaining your profile on www.expectingmodels.com, used for all marketing and promotion for the purposes of securing professional modeling and acting assignments. This includes all casting submissions, promotional mailings, photo editing, portfolio updates, e-cards, etc. Once you have had your baby, you can decide if you'd like to continue working in the mom and baby division.

**Agreed & Accepted By-**
Signature: _____ Date: _7/5/2020_
Agency Rep: _____ Date: _____

Card Type:   MasterCard   (VISA)   American Express   Discover

Card Number: ███████████████
CVV2 (security code): ███████

Expiration Date: ██████████

BILLING ADDRESS ASSOCIATED WITH CREDIT CARD
Name (exactly as it appears on card): ████████████   _Jeniffer Rosado Vega_
Street: _____
City: _Los Angeles_   State: _CA_   Zip: _90036_
*please write legibly*

NOT AN OFFICIAL COPY - PUBLIC ACCESS

## Payment Authorization Form

Date: 7/5/2020

Attn: Expecting Models- Stork Mag Accounting Department

You are hereby notified that I authorize the Agency named below to accept delivery of any and all checks and sums of money from time to time become payable to me c/o Expecting Models from you.
I hereby authorize you to mail all such checks and/or sums of money to:

**Expecting Models Inc.**
**PO Box 482**
**Woodland Hills, CA 91365**

This authorization shall remain in effect until you receive a written notice or revocation.
Thank you.

Jeniffer Rosado Vega
Talent Name (Print)

Talent Signature

Talent Social Security Number

Expecting Models, Inc. is now my mother agency for the duration of my pregnancy and one year after. Agency agreement as outlined will commence under the above terms agreed unless otherwise expressed in writing.

Agreed & Accepted By-

Print Name: Jeniffer Rosado Vega   Date: 7/5/2020

Signature:

Agency Rep: _____   Contract Expiration: _____

**B Y H E A R T**

## MEDIA RELEASE

Name:                          ██████ Rosado

Address:                       c/o Expecting Models | 21781 Ventura Avenue #540 Woodland Hills, ca 91364

Date of Birth:                 _____

Photography Dates:             09/2021

Role:                          _____

Project:                       By Heart

Media:                         MEDIA: All digital and social media whether now known or hereafter devised, including, without limitation, on all ByHeart owned properties, all forms of digital, Internet and mobile media, including social media (e.g. YouTube, Facebook, Instagram, Snapchat, TikTok, Google+)  and websites (as made available or accessed through any platform or technology now known or hereafter devised, whether streaming, download or otherwise, including via mobile devices, downloadable files, third-party links, websites and blogs, social media, emails, and cellular or wireless technology); and all media in connection with public relations (e.g., press releases and editorial, press pitches, events, award shows) and internal corporate uses (e.g., sales pitches, trade shows, corporate events, websites);

USAGE TERM: For all digital and social media, newsletters, print collateral, tradeshow and Company's internal use.

TERRITORY: Throughout the universe

Usage Term:                    1 year extended from expired usage. Usage period; 3/26/24 - 3/26/25. Expires: 3/27/25

I am not relying on any promises or statements in connection with signing this Release.  I acknowledge that I have read this Release prior to signing it, understand the contents of this Release, and that I am under no obligation to sign it.  I have the full right, power and authority to enter into this Release and grant to ByHeart all rights provided herein.

For good and valuable consideration, including without limitation, the Fee set forth above, I, the signatory hereto, hereby irrevocably grant to ByHeart, its employees, agents, licensees, successors, assigns, and those acting with their permission or authority (collectively, "ByHeart") the irrevocable and unrestricted right to take still pictures of me ("Materials") for use in and in connection with the Project or otherwise as well as to promote, advertise, and publicize the Project, ByHeart or any products and/or services of ByHeart.  The Materials may be exploited in the Media (as defined above), throughout the Territory at any time and for the complete duration of the Term, as defined below.

Upon expiration of the Initial Term, ByHeart shall have an irrevocable option, exercisable in its sole discretion (each, a "Renewal Option") to extend the usage term of the Materials for the additional period set forth above ("Extension Term") upon payment of the corresponding "Optional Renewal Fee", payable upon expiration of the then-applicable Initial Term or Extension Term (the Initial Term, as extended by any subsequent Extension Terms, cumulatively, the "Term").

Any and all such Materials shall be deemed "works made for hire" specially ordered as part of the Project, and I waive the exercise of any "moral rights," "droit moral," and any analogous rights which I have.  I expressly acknowledge that many parties may contribute to works that will embody all or part of the Project(s), and, accordingly, if under any applicable law the above waiver or assignment of "moral rights" or "droit moral" is not effective, then I agree to exercise such rights in a manner which recognizes the contribution of, and will not have an adverse effect upon, ByHeart or any other party.  I hereby waive any right to inspect or approve the Materials or the use to which such Materials may be applied.  To the extent I retain any interest in the Materials, I hereby grant and assign to ByHeart all rights of any nature in and to all such Materials. All Materials are owned by ByHeart.  I acknowledge and agree (i) that nothing herein will constitute any obligation of ByHeart to make any use of the Materials (or any part thereof) or any of the rights granted in this Release, and (ii) that, if used, ByHeart has full creative control of the Materials and ByHeart may edit, delete, reproduce, adapt, modify or fictionalize the Materials as ByHeart sees fit and in ByHeart's sole discretion

ByHeart shall have no obligation to remove any Materials from any Internet / online, social media and other digital platforms and ByHeart may continue to exploit such Materials, to the extent posted during the Term, in perpetuity on all such platforms. ByHeart acknowledges the "viral" nature of the Internet, social media and other digital media, and agrees that any use by third parties of the Materials, or any display of Materials posted on Internet domains, social media or other digital media, after the Term shall not constitute a breach by ByHeart hereunder. Notwithstanding anything herein to the contrary, ByHeart shall have the right in perpetuity to use, reproduce, publish, distribute and exhibit the Materials for ByHeart's internal corporate uses and other non-advertising purposes (including, without limitation, in marketing meetings, internal corporate communications, public relations activities, awards competitions, conventions and trade shows, and archival and/or historical sections of ByHeart's websites and social media platforms).

I agree not to disclose to any third party any information to which I have, have had or will have access to concerning ByHeart and I understand that as a result of my participation, I may be privy to Confidential Information.  "Confidential Information" means any confidential or proprietary information viewed, heard, learned, obtained or otherwise received by me during my participation, whether oral or written, analog or digital, including, without limitation, (a) financial information, including revenues, sales, costs, forecasts, projections, and financial reports, (b) technical information, including research and development, procedures, algorithms, data, designs, software, and know-how, (c) business information, including operations, planning, marketing, products and services, (d) the terms of any actual or proposed agreement and the discussions, negotiations and proposals related to any such agreement.

I agree: (i) to maintain all Confidential Information in strict confidence; (ii) to not disclose Confidential Information to any third parties except as expressly permitted by ByHeart; and (iii) to not to use Confidential Information for any purpose except for the direct furtherance of a legitimate business relationship with ByHeart.  I acknowledge and agree that nothing in this Release will be construed as granting me any rights, by license or otherwise, in or to any Confidential Information, or to any patent, copyright or other intellectual property or proprietary rights of ByHeart. All Confidential Information remains the sole and exclusive property of ByHeart. ALL CONFIDENTIAL INFORMATION IS PROVIDED "AS IS" AND WITHOUT WARRANTY OF ANY KIND.

To the maximum extent permitted by law, I agree that I will never sue ByHeart or anyone because I do not like the manner in which ByHeart took or used the Images or for any cause of action based on any of the released claims.  To the maximum extent permitted by law, I, for myself and on behalf of my heirs, executors, agents, successors or assigns, hereby release, hold harmless and forever discharge ByHeart from any and all claims, actions, damages, losses, liabilities, costs, expenses, injuries or causes of action whatsoever that in any way are caused by, arise out of or result from this Agreement, the Project, my appearance in the Images and ByHeart's use thereof, on any legal theory whatsoever (including, but not limited to, personal injury, rights of privacy and publicity, defamation, or false light), regardless of whether caused by the negligence or willful misconduct of ByHeart.

**Exhibit 2, Page 003**

This Release shall be construed in accordance with the laws of the State of California without regard to the conflicts of law provisions thereof.  Any claims or actions arising out of or connected with this Release shall be brought exclusively in the courts located in Los Angeles, California.  In the event of any claim against ByHeart, I agree that I shall not seek and hereby waive any right to equitable relief, whether injunctive or otherwise, with respect to the Images and the Project(s), including without limitation, the exploitation, distribution and promotion of the Projects.  The invalidity, illegality or unenforceability of any provision of this Release shall not affect the validity or enforceability of any other provision of the Release, all of which shall remain in full force and effect.
All parties agree to indemnify one another
This Release sets forth the entire agreement between ByHeart and me, and supersedes all previous and contemporaneous written and oral agreements related to the subject matter hereof and may only by amended in writing. I may not terminate this Release or terminate or rescind any permission or rights granted to ByHeart hereunder.

Signature: *Liza Elliott Ramirez*  Agent of Nerea Rosado _____     Date: ___4.26.24_____

**FOR USE BY PARENT OR GUARDIAN OF PARTICIPANT UNDER 18 YEARS OF AGE:** I represent that I am a parent/guardian of the minor named above and I am aware of the participation of the minor in the Project.  I acknowledge and agree that the grant of rights and release contained herein binds both the above-named minor and myself to all of the terms herein.  I hereby represent that I have the full power and authority to consent to the terms of this Release and I fully consent to and approve of the execution by the minor of the Release and that I have read and agreed to each and all of the terms, covenants, conditions, releases and waivers contained herein.

Print Name: _____

Relationship to Participant: _____

Signature:_____